**Steven M. HUNTER, Appellant**

v.

**Edward F. REILLY, Jr., Chairman of the United States Parole Commission, Appellee.**

**No. 10–5089.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 2011.

Steven M. Hunter, Lewisburg, PA, pro se.

Warden, United States Penitentiary, Lewisburg, PA, for Appellant.

Kenneth A. Adebonojo, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GINSBURG, ROGERS, and GRIFFITH, Circuit Judges.

***ORDER***

PER CURIAM.

Upon consideration of the motion for summary reversal; the motion for summary affirmance and the opposition thereto; and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary

action. *See Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam). Because appellant obtained all the relief to which he was entitled when the United States Parole Commission conducted a new parole hearing applying the D.C. Board of Parole's 1987 and 1991 guidelines, the district court properly dismissed his case as moot. *See McBryde v. Comm. to Review Circuit Council Conduct*, 264 F.3d 52, 55 (D.C.Cir.2001) ("If events outrun the controversy such that the court can grant no meaningful relief, the case must be dismissed as moot."). The district court also did not abuse its discretion in denying appellant leave to amend his complaint. *See Gaubert v. Federal Home Loan Bank Bd.*, 863 F.2d 59, 69 (D.C.Cir.1988) ("[W]hen the amendments would not serve any purpose, the court is on solid ground in denying a motion for leave to amend.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.